## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN R. DELLA ROCCA | ) | |
| 9809 Whetstone Drive | ) | |
| Montgomery Village, MD 20886 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Lawrence W. Doyle | ) | |
| 128 Byram Shore Drive | ) | |
| Greenwich, CT 06830 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| John F. Moynihan | ) | |
| 48 Kenwood Avenue | ) | |
| Worcester, MA 01605, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | CASE NO. 22-cv-1276 |
| | ) | |
| UNITED STATES POSTAL SERVICE | ) | |
| 475 L'Enfant Plaza SW | ) | |
| Washington, DC 20260, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Brian R. Della Rocca, *pro se*, and Plaintiffs, Lawrence W. Doyle and John F. Moynihan, by and through counsel, for their Complaint against Defendant United States Postal Service ("USPS"), state as follows:

## INTRODUCTION

1.     The Freedom of Information Act (the FOIA), 5 U.S.C. § 552, enacted in 1966, provides the public with a right of access to federal agency records.

2.      The people must know what the government is doing. "Open government has been recognized as the best insurance that government is being conducted in the public interest."[1] Our Founding Fathers' commitment to open government and the public's right to information can be seen in the First Amendment, which "protects not only the right of citizens to speak and publish, but also to receive information."[2] The FOIA is "an affirmative congressional effort to give meaningful content to constitutional freedom of expression." *See* S. Rep. No. 93-854, at 153-54 (May 16, 1974).

3.      This is an action brought pursuant to the FOIA to compel the USPS to produce records responsive to an outstanding FOIA request originally submitted on January 28, 2022.

4.      Since the date the FOIA request was made, the USPS requested clarification regarding the request which was provided by the Plaintiff.

5.      On March 17, 2022, USPS provided the Plaintiff with certain details about the requested information.

6.      On March 22, 2022, the Plaintiff noted that the information was incomplete and appealed the determination.

7.      On April 12, 2022, the USPS affirmed the prior determination in full.

8.      Accordingly, this lawsuit is being filed to compel the USPS to comply with the FOIA and provide complete information.

## THE PARTIES

1.      Plaintiff, Brian R. Della Rocca, is a U.S. citizen and an attorney with an interest in seeing the Postal Service improve its processes.

---

[1] *Am. Fed'n of Gov't Emp.'s v. Rosen*, 418 F. Supp. 205, 207 (N.D. Ill. 1976).
[2] *Providence Journal Co. v. FBI*, 460 F. Supp. 762, 776 (D.R.I. 1978) (overturned on other grounds).

2.      Plaintiff, Lawrence W. Doyle, is a U.S. citizen and an advisory consultant with an interest in seeing the Postal Service improve its processes.

3.      Plaintiff, John F. Moynihan, is a U.S. citizen and an advisory consultant with an interest in seeing the Postal Service improve its processes.

4.      Defendant USPS is a federal agency headquartered in Washington, D.C. On information and belief, Defendant has possession, custody, and control of the records to which access is sought.

## JURISDICTION AND VENUE

5.      This lawsuit is being brought pursuant to the FOIA. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in District of Columbia, and 28 U.S.C. § 1331 because the resolution of disputes under the FOIA presents a federal question.

6.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia, and 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

## FACTUAL BACKGROUND

7.      On January 28, 2022, a FOIA request was submitted by Plaintiff Della Rocca on behalf of all Plaintiffs to the Postal Service (the "FOIA Request").

8.      The FOIA Request sought all barcode scans for particular trailers and loading docks during a certain period of time.

9.      Specifically, in the FOIA Request, the following records were sought:

> Please provide me with all barcode scan records for the following docking bays/trailers **between October 1, 2020 and November 15, 2020**:
>
> Trailer 1: 10R1440

Trailer 2: 10R140

Trailer 3: 316487

Loading Dock 1: Bethpage, NY Facility Loading Dock 24

Loading Dock 2: Bethpage, NY Facility Loading Dock 25

Loading Dock 3: Lancaster, PA Facility Loading Dock 34

10.     In an email dated January 28, 2022, the USPS acknowledged its receipt of the FOIA Request and assigned it tracking number 2022-FPRO-00831.

11.     On January 31, 2022, the USPS notified the Plaintiff Della Rocca that the FOIA Request was overly broad and requested clarification.

12.     On February 18, 2022, Plaintiff Della Rocca clarified the FOIA Request as follows:

> I give specific instructions requesting ALL barcode scan records for specific trailers (which should be readily accessible) during a specified period of time. These trailers were used for runs on the East Coast of the U.S. and may have been used in a run to and from Bethpage, NY and Lancaster, PA.  I also requested barcode scan information for specific loading docks in Bethpage, NY and Lancaster, PA during that specific period of time.

13.     On March 17, 2022, the USPS provided information requested, as clarified by Plaintiff Della Rocca.

14.     After a review of the information provided, Plaintiffs noted missing information based on information provided by affidavit of Mr. Jesse Richard Morgan, the truck driver who drove that particular trailer on October 21, 2020. Affidavit of Jesse Richard Morgan attached as Exhibit A.

15.     On March 22, 2022, Plaintiff Della Rocca appealed the determination of USPS requesting the missing information (Case No. 2022-APP-00104).

16.     On April 12, 2022, the USPS affirmed the previous determination in full.

17.     As of the date of this complaint, the Plaintiffs have not received additional information regarding this FOIA Request.

## COUNT I
### (Violation of the FOIA, 5 U.S.C. § 552)

18.     Paragraphs 1 through 17 are hereby realleged as if fully stated herein.

19.     The USPS is in violation of the FOIA.

20.     The Plaintiffs are being irreparably harmed by the USPS's violation of the FOIA and will continue to be irreparably harmed unless the USPS is compelled to comply with the FOIA.

21.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and 39 C.F.R. 265.8, the Plaintiffs are deemed to have exhausted its administrative remedies with respect to the FOIA Request because the USPS was required to provide the complete records requested (unless that information is exempt from release, which, in this case, it is not) and the USPS failed to do so.

22.     Because the USPS failed to provide complete records to the Plaintiffs both through the original request and the subsequent administrative appeal, the Plaintiffs are deemed to have exhausted his administrative appeal remedies.

## PRAYER FOR RELIEF

A.      Enter an immediate order directing the USPS to preserve all records potentially responsive to Request No. 2022-FPRO-00831, and prohibiting the USPS, its employees, agents, or representatives from transporting, concealing, removing, destroying, or in any way tampering with records potentially responsive to said request;

B.      Enter an order directing the USPS to conduct searches for any and all records responsive to the FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA Request;

C.      Enter an order directing the USPS to produce, by a certain date, any and all non-exempt records responsive to the FOIA Request and a *Vaughn* index of any responsive records withheld under claim of exemption;

D.      Enter an order enjoining the USPS from continuing to withhold any and all non-exempt records response to the FOIA Request;

E.      Award reasonable attorneys' fees, costs, and expenses; and

F.      Grant any and all other relief as this Court deems just and proper.

Respectfully submitted this 10th day of May, 2022.


By:     */s/ Brian R. Della Rocca*
        Brian R. Della Rocca
        D.C. Bar No. 503459
        Compass Law Partners
        51 Monroe Street, Suite 408
        Rockville, Maryland 20850
        Ph: (240) 454-1013
        Fax: (301) 740-2297
        bdellarocca@compass-law.com

        *Pro se,*
        *Attorney for Plaintiffs, John F. Moynihan and*
        *Lawrence W. Doyle*

# EXHIBIT A